IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIAZ, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-10-1659 |
| | : (Judge Caldwell) |
| K. SMITH, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction and Procedural History*

This matter is before the court on the defendants' motion to dismiss the second amended complaint (Doc. 90). The pro se plaintiff, John Diaz, a Massachusetts inmate formerly housed at the State Correctional Institution (SCI) in Smithfield, Pennsylvania, filed this action on August 4, 2010, alleging a series of constitutional violations that occurred at Smithfield between April 2007 and February 2009. (Doc. 1, Compl.) The original Complaint named twenty employees of the Pennsylvania Department of Corrections (DOC).

Upon a motion to dismiss, only one claim remained, an access-to-courts claim against two correctional officers, defendants Smith and Sullivan. This claim arises from the alleged confiscation of Plaintiff's legal materials on November 1, 2008, from the cell of Walter May, another inmate, and from Plaintiff's cell on December 31, 2008. Diaz was given leave to file an amended complaint on this claim, as he had failed to allege an actual injury, an essential element of an access-to-courts claim.

Diaz filed an Amended Complaint (Doc. 40), and the defendants filed a

motion to dismiss (Doc. 42).  In the interim, Diaz filed a motion for reconsideration of our order dismissing the original complaint.  (Doc. 41).  He then filed two proposed amended complaints (Docs. 45 and 56).

On January 10, 2012, the court granted in part and denied in part Diaz's motion for reconsideration.  The court reinstated that part of Diaz's access-to-courts claim relating to a third alleged confiscation of Diaz's legal materials from May's cell on July 9, 2008, concluding that it was not time-barred after all, the rationale for denying it initially.  (Doc. 59, ECF p. 5).  The motion was otherwise denied.  (*Id.*)

Smith and Sullivan's motion to dismiss the amended complaint was denied, and Diaz was directed to file a second amended complaint relating to their alleged confiscation of his legal materials on July 9, 2008, November 1, 2008, and December 31, 2008.  (*Id.*)

On January 25, 2013, the court accepted yet a third proposed Second Amended Complaint as the standing complaint.  (Doc. 88).  That complaint is document number 88.  As noted, presently before the court is the defendants' motion to dismiss that complaint.  (Doc. 90)

II.  *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 550 U.S. at 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65), and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 165 (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-part process:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)(quoted cases omitted).

In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, "exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)(citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998

F.2d 1192, 1196 (3d Cir. 1993)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013)(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Likewise, where the "plaintiff has already amended his complaint once" in an effort to cure an identified deficiency, a "District Court is not obliged to give [plaintiff] leave to amend." *Bearam v. Wigen,* 542 F. App'x 91, 93 n.4 (3d Cir. 2013)(nonprecedential).

With this standard in mind, we set forth the background of this litigation, as Plaintiff alleges it in the Second Amended Complaint.

III. *Background*

On November 19, 2007, Diaz filed a grievance seeking a "separation" from defendants Smith and Sullivan, prompted by a cell search these officers conducted of his Restricted Housing Unit (RHU) cell on November 18, 2007. (Doc. 88-1, Second Am. Compl. Ex. A, ECF p. 2). In the grievance, Diaz asserted he had been seeking the separation for months based on the officers "unprofessional, racist, inflammatory behavior."

-4-

(*Id.*).  Diaz also wrote "[i]t would appear that the administration by continuing to send Smith and Sullivan to my cell, are trying to initiate a physical confrontation. . . . So, if Sullivan and Smith are sent to my cell again I will view this as the administration trying to provoke and harm me, and I will be forced to defend myself."  (*Id.*)

On November 23, 2007, based on the grievance, Lt. Ferguson issued Diaz a misconduct for threatening another person and unauthorized use of the mail or telephone.  (Doc. 88-1, Ex. B, ECF p. 3).  On November 28, 2007, a misconduct hearing was held.  Diaz was reported as saying "I wasn't trying to threaten anyone but understand how it could be viewed as a threat."  (*Id.*, Ex. C, ECF p. 4).  The hearing examiner found Diaz guilty of both counts and imposed an additional 90 days' disciplinary confinement.  (*Id.*)  In December 2007, Diaz notified a non-defendant, Hollibaugh, of his intent to "bring a civil lawsuit against members of SCI-Smithfield's Security Department."  (*Id.*, Ex. D, ECF p. 5).

On March 16, 2008, defendant Sullivan issued Diaz a misconduct for refusing to obey an order.  (Doc. 88-1, Ex. E, ECF p. 6).  Defendant Smith is listed as a witness to the event.  Specifically, Diaz failed to obey "several direct orders to come to the door to be strip searched."  (*Id.*)  Diaz alleges the two defendants attempted to "bully, coerce, [and] intimidate" him during a cell search and that they issued him the false misconduct to cover up their actions.  (Doc. 88, ECF p. 14).

On July 9, 2008, defendants searched May's cell.  CO Smith confiscated 220 pages of "legal mail/request slips and grievances" belonging to Plaintiff.  (Doc. 88, ECF p. 14; Doc. 88-1, Ex. F, ECF p. 7).  CO Smith issued inmate May a confiscation slip for the materials and advised him they would be "sent to [the] security office."  (Doc. 88-1, ECF p. 7).  On November 1, 2008, defendants again searched inmate May's cell and confiscated

legal documents belonging to Diaz. (Doc. 88, ECF p. 15). May was issued a confiscation slip for the seized documents. (*Id.*) On December 31, 2008, defendants Smith and Sullivan searched Diaz's cell. (Doc. 88, ECF p. 15). After the search, "Plaintiff discovered several legal items were missing."[1] (*Id.*)

Diaz avers the first time he was able to access his property held in storage was on February 26, 2009. (Doc. 88-1, Ex. J, ECF p. 11). He avers that the over two-hundred legal documents that "Lieutenant Rodney Painter claimed that *he* replaced to my property, was not there. Lieutenant Painter did not return my legal documents that were confiscated in July 2008, from inmate Walter May #DW-3424, by CO Smith." (*Id.*)(emphasis added).

On July 15, 2008, November 6, 2008, and February 26, 2009, after each occasion they had been taken, Diaz filed grievances requesting the return of his legal documents. (Doc. 88, ¶¶ 14, 16, and 19; Doc. 88-1, Exs. G , H and J, ECF pp. 8-9, 11). The "prison grievance system/officer failed to compensate" Plaintiff for his missing legal papers, thereby failing to provide a postdeprivation remedy. (Doc. 88, ECF p. 13).

---

[1] We note that there appears to be an exhaustion issue. Although not attached to Diaz's Second Amended Complaint, a copy of Diaz's grievance regarding the December 31, 2008, search of his cell, and prison officials' responses to his grievance and appeals are found in the record. *See* Doc. 45, ECF pp. 8-15. In his grievance, Diaz complained that Defendants had confiscated a legal-sized manila envelope containing several smaller legal envelopes that "[he] received in the mail, and two pages of notes relating to civil suit #07-2190. It is a large envelope with large handwritten letters spelling evidence." (Doc. 45, ECF p. 8). Prison officials responded that CO Smith and CO Sullivan took "only envelopes that . . . were empty and were envelopes that had staff names on them and did not belong to [Diaz] but were institution envelopes." (*Id.*, ECF p. 9.) "The search was an investigative search due to [Diaz's] escape risk status". (*Id.*) Diaz's appeal was ultimately dismissed on final review due to his failure to comply with the requirements of the DOC's grievance policy. (*Id.*, ECF p. 15). Although noting these facts, the court takes no position as to whether or not this claim was properly exhausted as exhaustion is an affirmative defense to be raised by defendants.

Diaz makes the following civil-rights claims against defendants Smith and Sullivan. First, he makes a First Amendment retaliation claim. He avers the defendants retaliated against him by seizing his legal materials and placing him in 90 days' disciplinary custody because he filed grievances, initiated litigation and contacted "outside investigators for an investigation of SCI-Smithfield." (Doc. 88, ECF pp. 18, 19).

Second, he makes an access-to-courts claim. He alleges that when the defendants denied him access to his legal papers or destroyed them, they prevented him from "litigat[ing] his criminal post conviction claims, and/or claims related to unconstitutional prison conditions." (*Id.*, ECF p. 19).

Third, he makes an Eighth Amendment claim based on his 90-days placement in disciplinary confinement and the deprivation of his legal papers. (*Id.*, ECF p.20).

Plaintiff seeks compensatory and punitive damages from both defendants in their individual and official capacities.

IV.  *Discussion*

   A.  *Claims Barred by the Applicable Two-Year Statute of Limitations*

Defendants assert that Diaz ignored this court's earlier rulings when he reasserted claims that the court had ruled were barred by the applicable two-year statute of limitations. (Doc. 91, ECF p. 9). Diaz responds that his Second Amended Complaint does not violate our earlier orders as the information included in the pleading that goes back beyond the statute of limitations is only for background purposes. (Doc. 93, Pl.'s Opp'n Br., ECF pp. 1-2).

Based on Diaz's representation, the court will interpret his Second Amended Complaint as adhering to our prior rulings and interpret the complaint as only asserting claims that are not barred by the statute of limitations, meaning claims based on conduct that goes back only to the July 9, 2008, seizure of legal papers.[2]  Also, claims dismissed for reasons other than the statute of limitations remain dismissed.[3]

      B.     *Diaz May Not Maintain Claims for Monetary Damages Against Defendants in their Official Capacities*

Under the Eleventh Amendment, the defendants move to dismiss the complaint against them in their official capacities.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst v. Halderman,* 465 U.S. 89, 99-100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)*; A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *See Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).  The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity.  *See* 42 Pa. Con. Stat. Ann. §§ 8521-8522.

---

   [2] Our limitations analysis is set forth in our memorandum (Doc. 59) of January 10, 2012.

   [3] Our decision is further supported by Diaz's admissions that he is not attempting to bring a false or retaliatory misconduct claim against the defendants. (Doc. 93, ECF p. 3).  He specifies he is not asserting a claim of verbal harassment against the defendants, or a Fourth Amendment claim related to the December 2008 search of his cell.  (*Id.*, ECF p. 3).  Likewise, (although due process is mentioned in his complaint) he denies advancing a due process challenge related to the handling of his grievances.  (*Id.*).

Diaz is suing CO Smith and CO Sullivan for monetary damages not only in their individual capacities but also in their official capacities. His claims for monetary damages against the defendants in their official capacities are subject to dismissal under the Eleventh Amendment. His claims for monetary damages against the defendants in their personal capacities remain.

C. *Plaintiff Fails to Assert an Eighth Amendment Claim*

Plaintiff's Eighth Amendment claim is based on his 90-days placement in disciplinary confinement and the deprivation of his legal papers. (Doc. 88, ECF p. 20). The defendants move to dismiss this claim on the basis that Plaintiff's allegations do not meet the requirements of an Eighth Amendment claim based on conditions of confinement. We agree.

To state a "conditions of confinement" claim pursuant to the Eighth Amendment, a prisoner must establish that he has been deprived of "the minimal civilized measure of life's necessities." *Young v. Quinlan,* 960 F.2d 351, 359 (3d Cir. 1992). General allegations of harm will not suffice. *See Griffin v. Vaughn,* 112 F.3d 703, 709 (3d Cir. 1997)(holding that the restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, in and of themselves, do not violate the Eighth Amendment). An allegation that the prisoner has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault is required. *Id.* at 709.

Plaintiff's allegation regarding his 90-day disciplinary confinement is insufficient for two reasons. First, it is time-barred as it is a result of the November 2007

disciplinary charge. Second, in any event, the general conditions of disciplinary custody do not in themselves violate the Eighth Amendment. *See Griffin*, 112 F.3d at 709; *Bond v. Horne*, 553 F. App'x 219, 224-25 (3d Cir. 2014)(nonprecedential)(transfer to disciplinary confinement did not violate the Eighth Amendment). As to the allegation regarding seizure of legal materials, that likewise has nothing to do with basic human needs. The Eighth Amendment claim will therefore be dismissed.

### D. *The Retaliation Claim*

As noted, Plaintiff alleges the defendants retaliated against him by seizing his legal materials and placing him in 90 days' disciplinary custody because he filed grievances, initiated litigation and contacted "outside investigators for an investigation of SCI-Smithfield." (Doc. 88, ECF pp. 18, 19).

On a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in constitutionally protected conduct, (2) he was subjected to adverse actions by a state actor, and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action." *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). An adverse action is conduct that is "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* (internal quotation marks and quoted case omitted).

In moving to dismiss the retaliation claim, the defendants argue as follows. First, Plaintiff cannot satisfy the first prong of a retaliation claim because he avers he was retaliated against for filing grievances, but inmates have no constitutional right to a grievance procedure, citing *Hankins v. Beard*, No. 06-CV-2372, 2008 WL 2950996, at *8

-10-

(M.D. Pa. July 20, 2008).  We reject this argument.  It is true that inmates have no constitutional right to a grievance procedure, *see Iwanicki v. Pa. Dep't of Corr.*, ___ F. ___, ___, 2014 WL 4197499, at *4 (3d Cir. 2014)(nonprecedential), but the filing of a grievance is protected First Amendment activity.  See *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003)(retaliation "for filing complaints" violates the First Amendment)(citing with approval *Babcock v. White,* 102 F.3d 267, 275–76 (7th Cir. 1996) which stated that a retaliation claim can be based on an inmate's lawsuits or prison grievances).  *See also Cabello v. Loop*, No. 10-CV-700, 2012 WL 3231095, at *3 (M.D. Pa. Aug. 6, 2012)(Caldwell, J.)(recognizing that the filing of a prison grievance is covered by the First Amendment).

The defendants next focus on the second prong of the claim, the requirement of an adverse action.  The defendants argue that the seizure of Plaintiff's legal materials from May's cell cannot be an adverse action because the legal material was contraband as to May as it was not his property.[4]  We decline to accept this argument, at least on the second prong of a retaliation claim.  Conduct of prison officials can be entirely proper, but when undertaken for a retaliatory reason can be actionable.  "Under the doctrine of retaliation, 'an otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech.'" *Miller v. Mitchell*, 598 F.3d 139, 148 n.9 (3d Cir. 2010)(quoting *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997)).

---

[4] The possession of property belonging to another inmate is prohibited and the property considered contraband.  *See* DC-ADM 815, C(1)(o), available via the Pennsylvania Department of Corrections website, http://www.cor.state.pa.us/.

The defendants next argue that Plaintiff alleges other adverse actions are misconduct charges he was issued, but that no claim can be pursued based on these misconduct charges because the claim would be time-barred. We disagree. The adverse actions alleged here are not misconduct charges but the seizure of Plaintiff's legal materials on three occasions and his placement in 90 days' disciplinary custody. The defendants' argument has no bearing on the retaliation claim pled.

The defendants next argue there was no adverse action because Plaintiff was not deterred from exercising his constitutional rights as he continued to file grievances and lawsuits. We reject this argument. The test is not whether Plaintiff himself would have been deterred but whether a person of ordinary firmness would have been. *See Bistrian v. Levi,* 696 F.3d 352, 376 (3d Cir. 2012)(rejecting argument that placement in restricted housing was not an adverse action because the plaintiff had not been personally deterred in complaining about his placement, noting that the test, whether a person of ordinary firmness would have been deterred, was an objective inquiry); *see also Torres v. Clark*, No. 10-CV-1323, 2012 WL 4484915, at *10 (M.D. Pa. Sept. 27, 2012)(Caldwell, J.)("the test is not whether Plaintiff himself would have been deterred but whether a person of ordinary firmness would have been")(citing *Bistrian*).

The defendants next challenge Plaintiff's pleading of the third prong of a retaliation claim. They argue that Plaintiff cannot show that his protected conduct was a substantial or motivating factor in bringing a misconduct charge against him when he was found guilty of the misconduct. They cite in support *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994)(a finding of guilt at a prison disciplinary hearing based on some evidence "essentially checkmates [a] retaliation claim" when the claim is based on the theory that the

-12-

disciplinary charge and the resulting disciplinary sanction were retaliatory).  See also *Bond, supra,* 553 F. App'x at 223-24 (recognizing that "a finding of guilt in a prison disciplinary proceeding may well be sufficient in certain circumstances to satisfy the defendants' burden" on the third prong of a retaliation claim alleging that the misconduct charge was retaliatory).

    This argument may be a valid one, but it does not apply here.  It is true that Plaintiff's retaliation claim alleges that one adverse action was the imposition of 90-days disciplinary confinement resulting from a November 2007 disciplinary hearing, but a claim based on the November 2007 hearing is time-barred.  The retaliation claim can only proceed here on the seizure of the legal material that happened on July 9, 2008, and November 1, 2008, from inmate May's cell, and on December 31, 2008, from Plaintiff's cell. Since the retaliation claim does not proceed on a theory of a retaliatory misconduct charge, the defendants' argument need not be addressed.

    The motion to dismiss the retaliation claim will be denied.

  E.  *The Access-To-Courts Claim*

    Plaintiff makes the following access-to-courts claim: When the defendants denied him access to his legal papers or destroyed them, they prevented him from "litigat[ing] his criminal post conviction claims, and/or claims related to unconstitutional prison conditions." (*Id.*, ECF p. 19).  The claim is based on the seizure of the legal material that happened on July 9, 2008, and November 1, 2008, from inmate May's cell, and on December 31, 2008, from Plaintiff's cell.

    "Under the First and Fourteenth Amendments, prisoners retain a right of

-13-

access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  Here, Plaintiff alleges that he lost the opportunity to present legal claims.  In these circumstances, the Third Circuit has stated that prisoners:

> must show (1) that they suffered an "actual injury" — that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit.  *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).  To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy."  *See id.* at 416–17, 122 S.Ct. 2179.

*Id.* at 205-06 (footnoted omitted).  The court of appeals added that the underlying claims must be pled "in a manner that satisfies Fed. R. Civ. P. 8(a)," *id.* at 206 n.8 (citing *Harbury*, 536 U.S. at 417-18, 122 S.Ct. at 2188), meaning that an inmate must present a short and plain statement of each claim said to have been lost by a defendant's conduct.  The inmate must also plead facts showing how his claims "may no longer be pursued as a result of defendant's actions."  *Id.* at 206 n.9.

In moving to dismiss this claim, the defendants argue that it cannot be based on the seizure of the legal material from May's cell because, as noted above, the legal material was contraband as to May since it was not his property.  We are not persuaded by this argument.  Plaintiff alleges not only that the material was seized but also that it was never returned to him.  The material may have been properly removed from May's cell, but its deprivation is the basis of the claim.

The defendants also argue that the claim is not adequately pled.  They point to Plaintiff's allegations vaguely referring to a lawsuit that Plaintiff successfully appealed to the Third Circuit, and to unspecified "criminal post conviction claims."  We agree.  We add

-14-

that Plaintiff also conclusorily complains about "claims related to unconstitutional prison conditions." Plaintiff must plead more than this. He must plead the factual allegations supporting each claim he asserts was obstructed by the defendants' conduct, including allegations showing that the claim is non-frivolous or arguable. He must also allege facts showing that the defendants' conduct caused him to lose his chance at pursuing the claim or claims. The access-to-courts claim will therefore be dismissed.

IV.   *Conclusion*

Our analysis means that the only claim that survives the defendants' motion to dismiss is the retaliation claim. However, we will grant Plaintiff an opportunity to file a third amended complaint. The third amended complaint "must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Diaz is advised that any third amended complaint he may file supersedes and nullifies the second amended complaint. It should therefore contain his retaliation claim as well as an amended access-to-courts claim because all causes of action alleged in the second amended complaint which are not alleged, or reasserted, in the third amended complaint are waived. No further amendments will be granted.

Diaz is also advised that his third amended complaint must set forth sufficient factual allegations to support his claims, including the factual allegations that would support his access-to-courts claim. Diaz's failure to file an appropriate third amended complaint

within the required time will result in the court's proceeding only on the retaliation claim.

        An appropriate order follows.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: September 9, 2014