IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DIAZ,

    Plaintiff

vs.

K. SMITH, *et al.*,

    Defendants

CIVIL NO. 1:CV-10-1659

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction and Procedural History*

    Presently before the court is the defendants' motion to strike the third amended complaint. (Doc. 108). In August 2010, plaintiff Diaz filed a complaint setting forth a series of constitutional violations that occurred at SCI-Smithfield between April 2007 and February 2009. (Doc. 1, Compl.) After the court resolved the defendants' motion to dismiss, and Diaz's motion for reconsideration, only Diaz's access-to-courts claims against defendants Smith and Sullivan related to their confiscation of Diaz's legal materials on July 9, 2008, July 1, 2008, and December 31, 2008, remained. Diaz filed a second amended complaint as to these claims. (Doc. 88). On September 9, 2014, the court resolved the defendants' motion to dismiss the second amended complaint. (Docs. 103 and 104.)

    In addressing that motion we reconfirmed the dismissal of any claim based on conduct occurring before July 9, 2008, as time-barred. (Doc. 103, ECF pp. 7-8). Specifically, Diaz's Eighth Amendment claim related to his 90-day placement in disciplinary custody was ruled time-barred and without merit. (*Id.*, ECF pp. 9-10). However, we denied

the defendants' motion to dismiss Diaz's claim that defendants confiscated his legal materials in retaliation for his exercise of his First Amendment rights. (*Id.*, ECF pp. 10 - 13). We granted the defendants' motion to dismiss with respect to Diaz's access-to-courts claim and gave Diaz the opportunity to file a third amended complaint alleging what injury he suffered as a result of the loss of his legal papers. (*Id.*, ECF pp. 13 - 15).

On November 12, 2014, Diaz filed a third amended complaint (Doc. 107). Defendants Smith and Sullivan have filed a motion to strike the complaint, presumably under Fed. R. Civ. P. 12(f), because it re-asserts claims that were previously dismissed by the court as time-barred. (Doc. 108).[1] For the reasons that follow, the court will strike the third amended complaint and give Diaz a final opportunity to file a fourth amended complaint limited to his post-July 9, 2008, claims of retaliation and access-to-courts.

II. *Discussion*

Two of the claims presented in Diaz's third amended complaint were previously dismissed: (1) the claim that CO Smith and CO Sullivan issued him a false misconduct on March 16, 2008; and (2) the Eighth Amendment conditions of confinement claim related to the ninety days he spent in the Restricted Housing Unit following his receipt of the March 16, 2008, misconduct. Both of these claims were previously dismissed as time-barred, and no leave to amend was granted. (Docs. 34, the false-misconduct claim; Docs. 103 and 104, the Eighth Amendment claim.)

---

[1] Rule 12(f) authorizes the court to "strike from a pleading . . . any redundant . . . matter."

Diaz drafted the third amended complaint, but he is now represented by counsel. Counsel argues inclusion of the two dismissed claims was proper because we "advised that any third amended complaint [would supersede[ ] and nullif[y] the second amended complaint. (Doc. 103, ECF p. 15). We gave this advice, however, only to ensure that Plaintiff fully pled his two surviving claims in the third amended complaint as our next sentence makes clear: "It should therefore contain his retaliation claim as well as an amended access-to-courts claim because all causes of action alleged in the second amended complaint which are not alleged, or reasserted, in the third amended complaint are waived." (*Id.*).

If Plaintiff was concerned about being able to appeal the dismissal of these two claims, it was not necessary to reallege them in the third amended complaint. These claims were futile because their dismissal as untimely was on the merits. See *United States ex rel. Atkinson v. Pa. Shipbuilding Co.,* 473 F.3d 506, 516 (3d Cir.2007)( "A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity."). Plaintiff could therefore have appealed their dismissal even though they were not realleged in a subsequent pleading. *Id.* ("We believe the proper rule allows plaintiffs to appeal dismissals despite amended pleadings that omit the dismissed claim *provided* repleading the particular cause of action would have been futile.") (emphasis in original)footnote omitted).

Plaintiff will be given a final opportunity to file a Fourth Amended Complaint that is limited to the following claims: (1) CO Smith and CO Sullivan's alleged retaliatory

confiscation of his legal materials on the following dates: July 9, 2008, November 1, 2008 and December 31, 2008; and (2) Diaz's access-to-court claims based on the three times CO Smith and CO Sullivan allegedly confiscated his legal materials from his cell. We have previously outlined the pleading requirements for each of these claim in our September 9, 2014, Memorandum and Order, and the deficiencies of his prior complaints. *See* Docs. 103 and 104. If Diaz fails to submit a Fourth Amended Complaint, this action will proceed strictly on his retaliation claim as outlined above. If he fails to reassert his retaliation claim in his Fourth Amended Complaint, it will be deemed waived. No further amendments will be permitted.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 29, 2015